ELIZABETH C. MARVIN et al., Appellants, v. ROSCOE C. EDLUND et al., Respondents. (Action No. 1.) ROSCOE C. EDLUND et al., Respondents, v. SHERWOOD F. MARVIN et al., Appellants. (Action No. 2.) — Consolidated actions to recover damages for personal injuries and property damage resulting from the collision of an automobile owned by Sherwood F. Marvin and driven by his wife, Elizabeth Carter Marvin, in which Gladys LaQuay was riding as a passenger, with an automobile owned by Roscoe C. Edlund and driven by his wife, Esther A. Edlund. Judgment in favor of defendants in Action No. 1, and plaintiffs in Action No. 2, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

LENA S. SPERONZA, Respondent, v. PHOENIX MUTUAL LIFE INSURANCE COMPANY OF HARTFORD, Appellant.— Action to recover upon an alleged contract of insurance upon the life of Peter Speronza, the husband of plaintiff. Judgment in favor of plaintiff, entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See *post*, p. 811.]

STEINBERG PRESS, INC., Appellant, v. CHARLES HENRY PUBLICATIONS, INC., Respondent.— Order granting defendant's motion to preclude unless plaintiff serve a further bill of particulars in compliance with items " 3 " and " 4 " of defendant's demand, modified on the law by striking from the ordering paragraph thereof the words " items ' 3 ' and ' 4 ' " and substituting therefor the words " item ' 3 ' ". As thus modified, the order is affirmed, with $10 costs and disbursements to appellant, the bill of particulars to be served within ten days from the entry of the order hereon. In our opinion the bill of particulars furnished was in substantial compliance with the order of January 22, 1947, insofar as it required a statement of particulars in compliance with item " 4 " of defendant's demand of November 23, 1946. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

EVA STEINMETZ, as Administratrix under Limited Letters of Administration of the Estate of JOSEPH A. STEINMETZ, Deceased, Appellant, v. SAMUEL WAND et al., Respondents.— Action to recover damages for the wrongful death of plaintiff's intestate as the result of having been struck by an automobile owned by defendant Wand, and driven by defendant Powers, an employee of the corporate defendant. Judgment in favor of defendants, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

J. WALTER THOMPSON, as Limited Administrator of the Estate of LILLIAN M. THOMPSON, Deceased, Respondent, v. HARRY S. DAVEGA et al., Doing Business under the Name of WHITE TURKEY TOWN HOUSE, Appellants.— Action for wrongful death. Order denying defendants' motion for a change of venue from Richmond County to Westchester or Nassau County, under subdivision 2 of section 187 of the Civil Practice Act, affirmed, with $10 costs and disbursements. No opinion. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.